JOHN FAULKNER v. THE PATERSON RAILWAY COM-
PANY.

Argued February 20, 1900—Decided June 11, 1900.

1. When the evidence of witnesses in a cause on trial is in conflict,
   it is the province of the jury to determine which of it is to be
   taken as true; to determine the credibility of the witnesses and in
   which direction the weight of evidence exists; and the verdict will
   not be set aside unless it be against the clear weight of evidence
   or is found to be the result of the feeling, bias or prejudice of the
   jurors.
2. Comments of the trial court upon the evidence fairly made and
   which do not mislead the jury, if the facts be left to the jury to
   determine for themselves, will not be cause for setting aside a
   verdict.

On application for rule to show cause why a verdict for the
defendant should not be set aside.

Before Justices GARRISON and LIPPINCOTT.

For the rule, *Michael Dunn.*

For the defendant, *William B. Gourley.*

The opinion of the court was delivered by

LIPPINCOTT, J. This is an application in behalf of the
plaintiff for a rule to show cause why a verdict in favor of the
defendant should not be set aside, on the ground that the
verdict was against the clear weight of the evidence, and
because the charge of the court to the jury was misleading
as to the questions at issue.

The defendant is an electric street railway operating its
cars in the streets of the city of Paterson, and the action of
the plaintiff against it was to recover damages for injuries
alleged to be inflicted upon him as a passenger by the negli-
gence of the conductor or motorman or both, whilst he was
in the act of alighting from one of its cars, at the corner of

Washington place and Bloomfield avenue, in the city of Paterson.

The alleged negligent act was the starting of the car whilst he was in the act of alighting from the car, by reason of which he was thrown upon the street and injured.

Whether the car started whilst he was alighting was the controverted question in the case before the jury. All the evidence taken on the trial has been presented to the court.

That he fell down at the time and received a bruise upon the shoulder and other injuries can be conceded.

The only evidence for the plaintiff as to the cause of his fall is his own.

The plaintiff testifies that he told the conductor to let him out at Washington place; that the conductor rang the bell and the car stopped; that he came out on the platform and had one foot lifted to step down and off, when the car started or jerked forward and threw him forward on his back, and the light left his eyes, and when he came to, he was being dragged along still partly on the platform; that the car stopped again about the length of a walking-stick; that the conductor at the time was inside the car looking at his book; that he then got up and walked off thinking that he was not hurt, and not notifying the conductor of the occurrence. He says he was seated just inside of the door of the car when he got up to get out.

On the part of the defendant, the conductor of the car testified that he knew the plaintiff well; that he had ridden frequently on his car; that he usually rode inside the car and near the door; that at this time he saw him in this place, and was told by him that he desired to get off at Washington place; that when this point was reached he stopped the car; that the plaintiff came out on the platform; that he stepped down with both feet on the one step, and as he stepped with one foot to the ground the other foot slipped and he came down upon the platform quite heavily; that he, the conductor, waited a minute, helped him up, and asked the plaintiff if he was hurt; that he said "No," and got up and walked around behind the car, and the car was started and went

ahead. He testifies that the car did not start whilst the plaintiff was in the act of alighting, and not until after the accident had happened.

The motorman testifies that he received the bell to stop at Washington place; that he threw the power off and stopped the car—brought it to a standstill—and it did not start and stop again, nor did the car glide again after it stopped. He testifies that his attention was called to the matter about half an hour after by the conductor, and thus recollected what happened then as to the stopping and starting the car.

The plaintiff was about forty-nine years of age, and there is some evidence of his being infirm to some extent, afflicted with rheumatism, before the accident. Primarily to establish. liability against the defendant it was necessary for the jury to determine upon the evidence whether the fall of the plaintiff was occasioned by the starting of the car after it had stopped to let him off, and whilst he was in the act of alighting. If the conclusion was in the negative then no liability would ensue.

This question was left to the jury by the court in its instructions to them, and taking into consideration that their conclusion, if in favor of the plaintiff, must be supported by a preponderance of proof in that direction, it is difficult to perceive how the verdict can be said to have been against the clear weight of evidence. If the evidence or proof, on this question was even in a state of equipoise in the minds of the jury their duty was to find for the defendant.

The conclusion reached is that the verdict of the jury cannot be disturbed upon this ground. There exists no reason to conclude that the verdict was the result of any feeling,. bias or prejudice of the jurors.

The whole charge of the trial court has been submitted, and nothing is found therein which would in the slightest tend! to mislead the jury upon the facts or the law. The interest of the witnesses in giving their evidence, the credibility of the witnesses, and of the evidence, and the force and effect to be given to it, were distinctly submitted to the jury with a correct exposition of the law as to the character of care

required of the defendant company in the protection of its passengers from injury. There seems to be a contention in the case that the trial justice should have, in his charge, commented upon all the circumstances tending in the one way or the other to discredit or corroborate the positive evidence of the witnesses. There is no such rule of law, and in this case whatever comments were made, in relation to the evidence of the witnesses, were fairly made, and without the slightest tendency to mislead the jury.

The whole of the evidence in the case and the entire charge of the trial court is before the court, and the conclusion is that the application for the rule to show cause should be denied.